UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY J. VANDENBERG,

    Plaintiff,

v.

GE LIFE & ANNUITY ASSURANCE CO., f/k/a THE HARVEST LIFE INSURANCE CO.,

    Defendant.
_____/

Case No. 1:05-CV-151

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff Timothy J. VandenBerg's Motion for Summary Judgment. Also before the Court is GE Life & Annuity Assurance Company's Motion for Summary Judgment. The Court has review the filings and finds oral argument unnecessary. W.D. MICH. LCIVR 7.2(d).

**I.   BACKGROUND**

    In July 1988, Plaintiff purchased a disability insurance policy from the Harvest Life Insurance Company ("Harvest"). At the time of purchase, Plaintiff was employed as an insurance salesman for Harvest, who was then later succeeded in interest by Defendant insurer. In July 1991, Plaintiff fell from a ladder and sustained a closed-head injury. Plaintiff submitted a claim to Defendant and was paid a monthly benefit from July 25, 1991 to July 26, 1992. Thereafter, Defendant ceased to pay Plaintiff benefits.

    No action was taken by Plaintiff on the policy for roughly twelve and one-half years. Then, on January 21, 2005, Plaintiff filed a lawsuit in Ottawa County (Michigan) Circuit Court seeking

contractual and declaratory relief on the policy. On February 25, 2005, Defendant removed the action to this Court under 28 U.S.C. §§ 1441 and 1332.

## II.    STANDARD OF REVIEW

As a threshold matter, the Court notes that because this case is before it on diversity jurisdiction, it is bound to apply Michigan law regarding the substantive issues controlling this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court will first look to the Michigan Supreme Court. If the Michigan Supreme Court has not spoken on a particular issue, the Court will determine Michigan law based on decisions of the Michigan Court of Appeals, federal courts interpreting Michigan law, and scholarly commentary. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (1995) (internal citations omitted).

As for procedural matters, the Court is guided by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). While the line between substance and procedure can often blur, here the distinction is clear and the Court will look to Michigan law for substantive guidance on duties, standards and the necessary ingredients of a cause of action, while applying the Federal Rules of Civil Procedure with regard to burdens and presumptions.

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith*

*Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. Since the parties have moved for summary judgment on different grounds, each litigant will be accorded the status of movant on their respective motions.

**III.   ANALYSIS**

This is an insurance contract dispute and the policy provision that is the subject of this litigation dictates the disability period in which Defendant is liable to pay Plaintiff benefits. That policy provision, captioned as "Maximum Total Disability Period," was for whatever reason left blank when drafted. Plaintiff contends the absence of a maximum total disability period subjects the policy to termination on his retirement or 65th birthday. Defendant contends that the maximum disability period is one year.

The Court will leave this question for the moment as it is compelled to first address Defendant's Motion for Summary Judgment and contractual defense. Defendant claims that

Plaintiff's action is outside of the limitations period as provided for by the policy, and consequently, his claim is time barred. The pertinent policy language reads as follows:

> LEGAL ACTIONS: No civil action shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.
>
> * * *
>
> PROOFS OF LOSS: Written proof of loss must be furnished to us at our said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing Loss within 90 days after the termination of the period for which we are liable and in case of claim for any other Loss within 90 days after the date of such Loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

"An insurance policy is much the same as any other contract. It is an agreement between the parties [and when asked] a court will determine what the agreement was and effectuate the intent of the parties." *Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566 (1992). A policy provision shortening the limitations period "is to be enforced as written unless the provision would violate law or public policy" or is susceptible to ambiguity.[1] *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 470 (2005). The most salient question today is whether the limitation policy provisions are ambiguous.

Review of an insurance policy for ambiguity is a question of law. *Farm Bureau Mut. Ins. Co. of Mich. v. Nikkel*, 460 Mich. 558, 563 (1999). An insurance policy's provisions are ambiguous if they are reasonably susceptible to two different meanings. *Raska v. Farm Bureau Mut. Ins. Co.*

---

[1] Neither party has urged the Court to find the contractual limitations period is contrary to Michigan law or public policy.

*of Mich.*, 412 Mich. 355, 362 (1982). In *Raska*, the Michigan Supreme Court explained an insurance policy ambiguity as:

> If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage.

*Id.* Defendant takes the policy language to mean that Plaintiff was limited to filing suit within three years from July 1991 (*i.e.*, contending Plaintiff's proof of loss was required then). Plaintiff calculates, in a somewhat circuitous fashion, that his three-year limitation period began after his 65th birthday or retirement, which ever came earlier. Or stated another way, according to Plaintiff proof of loss was not required since he considered Defendant still liable for his disability benefits because no maximum benefit period was ever determined.[2]

Review of the policy provisions at issue, the policy as a whole, and especially the parties course of performance leads to the Court to the unmistakable conclusion that the proof of loss period unambiguously began three years after July 1991.[3] First, Plaintiff was required under the policy to submit proof of loss in order to receive the benefits he collected from July 25, 1991 to July 26, 1992. It is undisputed that Plaintiff submitted proof of loss at this time. Therefore, contrary to his current contention, the Court finds that Plaintiff understood the policy to mean that proof of loss was required in July 1991.

---

[2] The Court has omitted the additional 90 day period contemplated by the policy from its discussion for convenience of reference and because the time frames considered are so large the additional 90 days makes no difference to the analysis.

[3] "[T]he detection of an ambiguity requires admissibility of extrinsic evidence to prove it or, as in this case, disprove it." *Goodwin, Inc. v. Coe*, 392 Mich. 195, 206 (1974).

Second, and more importantly, Plaintiff's reading of the contract would create a nonsensical result, a potentially 42-year long limitation period, which is essentially no limitation at all.[4] Furthermore, Plaintiff's interpretation would render the limitation period provision in the policy of little or no value, something the Court is loath to do. *See Hunter v. Pearl Assur. Co.*, 292 Mich. 543, 545 (1940) (courts are to give effect to contract provisions). While Plaintiff has offered one *possible* reading of the contract, the Court finds that a fair reading of the contract yields a different conclusion. The contract unambiguously limited Plaintiff to initiate a cause of action on the policy within three years from July 1991. No fair minded juror could believe the policy limitations period to be anything other than what was articulated today, *Anderson*, 477 U.S. at 251-52, and consequently, Plaintiff has not met his burden under Rule 56(e) and summary judgment must issue against him.

The Court need not reach the merits of Plaintiff's Motion for Summary Judgment because, as indicated, he did not initiate this action until some twelve and one-half years after the cessation of disability benefits, and thus, is well beyond the limitations period. The Court finds Plaintiff's claims are time barred by the policy and will grant Defendant's Motion on this ground, obviating the need to address Plaintiff's Motion for Summary Judgment.

---

[4] The Court arrived at 42 years by observing that Plaintiff was 23-years old when he purchased disability insurance from Defendant in 1988. Plaintiff's disabling injury occurred in 1991 when Plaintiff was 26-years old. Applying Plaintiff's logic to the policy, he maintains a cause of action until policy termination, which according to Plaintiff is the earlier of three years after his 65th birthday or retirement. Thus, under this calculus Plaintiff could potentially initiate a cause of action on his 68th birthday, some 42 years after his injury.

**IV.     CONCLUSION**

Therefore, the Court will grant Defendant GE Life and Annuity Assurance Company's Motion for Summary Judgment and deny Plaintiff Timothy J. VandenBerg's Motion for Summary Judgment. A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 10, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |